PHILIP GOLDBERG, RESPONDENT, v. ANNIE COHEN ET VIR., APPELLANTS.

Submitted January 15, 1946—Decided March 21, 1946.

Before Justices PARKER, BODINE and OLIPHANT.

For the appellants, *Joseph H. Blumberg* and *Irving I. Jacobs.*

For the respondent, *Albert C. Abbott.*

The opinion of the court was delivered by

BODINE, J. The defendants appeal from a judgment entered on a directed verdict in favor of the plaintiff in a suit by the vendee for the recovery of a down payment made in pursuance of a written contract for the purchase of land and

the building thereon erected situate in Atlantic City, New Jersey. The contract provided, so far as pertinent, as follows: "4. The title to be delivered shall be a marketable title and shall be free and clear of all encumbrances including municipal liens and assessments and liability for assessments for improvements now constructed * * *."

The action has its origin in *R. S.* 2:45–1 which provides for the recovery of deposit money, with interest and costs, and the reasonable expense of examining title and making survey when the vendor under a contract to sell real estate is unable to carry out the contract because of a *defect in the title*. (Italics ours.)

The proofs disclose that after a survey was made it appeared (1) that the bottom step leading to a porch above a store encroached 1⅝ inches upon Kentucky Avenue; and (2) that the fourth story eaves encroached about six inches upon an adjoining property, the eaves extending for a distance of about fifty feet. The overhang was of wood and galvanized construction. It, like the encroachment upon the street, was easy to remove and at a very slight expense.

The errors assigned are: 1, refusal to nonsuit the plaintiff; 2, error in directing a verdict in his favor, and 3, error in rejecting the offer to establish by competent witnesses the cost of removing the encroachments.

The encroachments did not affect the title in any way. *Waterman* v. *Taub,* 3 *N. J. Mis. R.* 216; *affirmed,* 102 *N. J. L.* 472. There is nothing in the record to show unmarketability of the title and a nonsuit should have been granted. *Scheinman* v. *Bloch,* 97 *Id.* 404; *affirmed,* 98 *Id.* 571.

Since there was no defect in title shown, the judgment below must be reversed, with costs.